UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

S.J.H, by his guardian and
next friend Shannon A.
Hensley; and SHANNON A.
HENSLEY,

                    Plaintiffs,

          v.

COLVILLE SCHOOL DISTRICT,

                    Defendant.

NO. CV-11-0260-EFS

**ORDER GRANTING THE DISTRICT'S
MOTION TO DISMISS, GRANTING
PLAINTIFFS' MOTION TO AMEND,
AND DENYING WITH LEAVE TO
RENEW PLAINTIFFS' MOTION TO
APPOINT COUNSEL**

On July 8, 2011, Shannon Hensley filed a pro se two-page Complaint asserting a violation of the Individuals with Disabilities Education Act (IDEA), Individuals with Disabilities Improvement Act (IDEIA), the Rehabilitation Act, the Americans with Disabilities Act, and 42 U.S.C. § 1983 on behalf of herself and her minor son S. J. H. ("S.H.") because the Colville School District ("District") failed to implement court-ordered stay-put services. ECF No. 1. The District asks the Court to dismiss the Complaint because 1) minor S.H. may not litigate his claims without being represented by an attorney and 2) it fails to state a claim upon which relief can be granted, relying on Federal Rule of Civil Procedure 12(b)(6). ECF No. 3. Plaintiffs oppose the motion or, in the alternative, ask the Court to appoint legal counsel for S.H. and to allow leave to amend the Complaint: Plaintiffs also formalized these

ORDER ~ 1

alternative arguments in separate motions, ECF Nos. 7 & 8.    After reviewing the submitted material[1] and relevant authority, the Court is fully informed.  For the reasons given below, the Court denies with leave to renew Plaintiffs' Motion to Appoint Counsel, grants Plaintiffs' Motion to Amend Complaint, and grants the District's Motion to Dismiss.

First, the Court finds that S.H., as a minor child, must be represented by an attorney to prosecute any claim for damages on his own behalf.  *See Ponce v. Clovis Unified Sch. Dist.*, No. 09-2142, 2010 WL 843323 (E.D. Cal. Mar. 10, 2010) (dismissing the complaint and holding that two minor brothers, who were not pursuing relief by and through their parents, guardian ad litem, or counsel, did not have the capacity to sue pro se); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) (noting "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer").  Because S.H. is a minor who is not represented by counsel, the Court dismisses any claim brought by S.H.: the District's motion is granted in part.

Plaintiffs ask the Court to appoint counsel for S.H.  Before the Court will consider appointing an attorney for S.H., S.H. and/or his guardian(s) must take steps to find him legal assistance.  The Court suggests contacting Coordinated Legal Education Advice and Referral center (CLEAR) (888-201-1014) or Gonzaga University Legal Services (509-

---

[1]    The Court recognizes that the motions are not fully briefed; however, the Court is adequately informed to rule on these preliminary motions and believes the parties will be best served by the Court ruling at this time.

ORDER ~ 2

1  313-5791).  Information about CLEAR and the Northwest Justice Project is
2  available at www.nwjustice.org; other legal information may be accessed
3  online at www.washingtonlawhelp.org.  Accordingly, S.H. is given leave
4  to have counsel file an amended complaint on his behalf.

5      Although S.H. must be represented by counsel, Ms. Hensley may
6  continue pro se if she wishes; the Court, however, recommends that she
7  too take steps to find legal representation.  The IDEA allows a parent
8  to pursue relief under the IDEA in their own name.  For instance, in
9  *Winkelman ex rel. Winkelman v. Parma City School District*, 550 U.S. 516
10  (2007), the Supreme Court recognized that parents of children who fall
11  within the ambit of the IDEA have independently enforceable rights that
12  "encompass the entitlement to a free appropriate public education for
13  [their] child."  *Id.* at 533.  "[T]he statute confers those rights on the
14  parents of disabled children as well as on the children themselves."
15  *Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 936-37 (9th Cir. 2007).
16  Thus, Ms. Hensley may seek the same IDEA remedies suing in her own
17  capacity as S.J.H could if represented by counsel.

18      In summary, Ms. Hensley may pursue IDEA claims pro se, but S.H. may
19  not unless he is represented by counsel.  At this time, the Court will
20  not comment upon whether Ms. Hensley may pursue claims under the
21  Rehabilitation Act, the ADA, and 42 U.S.C. § 1983; analysis of those
22  claims is deferred until Ms. Henlsey files an amended complaint
23  containing more factual allegations as is discussed below.

24      Second, the District is correct that the Complaint, and the proposed
25  amended complaint, fail to state a claim upon which relief can be
26  granted.  The Complaint satisfies Rule 8(a)'s first and third

ORDER ~ 3

requirements: 1) it identifies the grounds for the Court's jurisdiction, and 3) it includes a demand for the relief sought.  However, the Complaint fails to satisfy Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied by the pleader alleging facts that plausibly give the pleader an entitlement to the demanded relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Applying this standard, it is insufficient that the Complaint alleges the District "failed to provide [S.H.] with court-ordered stay-put services through the course of litigation . . . ," ECF No. 1 at 2, or that "[t]he administrative law judge erred in granting the District's Motion for Summary Judgment," ECF No. 7-2 at 2.  Rather, the Complaint must identify facts to support these conclusions, such as why S.H. is entitled to services under the IDEA, what services the District failed to provide, and when the District failed to provide the required services.  Because leave to amend a complaint is to be freely given and the Court finds leave appropriate under the circumstances, the Court grants Plaintiffs leave to amend. Fed. R. Civ. P. 15(a).

In summary, if Plaintiffs choose to file an amended complaint asserting any cause of action by S.H., then the amended complaint must be filed by a lawyer.  But if Ms. Hensley seeks to enforce her own rights under the IDEA and/or other causes of action, then she may file an amended complaint pro se.  This amended complaint: 1) will operate as a complete substitute for (rather than a supplement to) the present Complaint, 2) must be legibly retyped in its entirety, 3) must be an original and not a copy, 4) must comply with both the Federal Rules of

Civil Procedure and the Local Rules for the Eastern District of Washington, *see King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (finding that *pro se* litigants must follow the same rules of procedure that govern other litigants), and 5) must set forth factual allegations in separate numbered paragraphs. When drafting the amended complaint, Ms. Hensley would be well served to abide by the "five Ws" (plus one H): who, what, where, when, why, and how. Ms. Hensley may contact the Clerk's Office to obtain a copy of the Local Rules. **A failure to file an amended complaint by December 19, 2011, as directed, will result in this lawsuit's dismissal.**

Accordingly, **IT IS HEREBY ORDERED:**

1.   The District's Motion to Dismiss, **ECF No. 3**, is **GRANTED IN PART**.

2.   Plaintiffs' Motion to Amend Complaint, **ECF No. 7**, **GRANTED**.

  a.   Ms. Hensley shall file an amended complaint no later than December 19, 2011.

  b.   Counsel may file an amended complaint on S.H.'s behalf no later than December 19, 2011.

3.   Plaintiffs' Motion to Appoint Counsel, **ECF No. 8**, is **DENIED** with leave to renew.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and send a copy to Plaintiffs and counsel.

**DATED** this _____25th_____ day of October 2011.


_____
S/ Edward F. Shea
EDWARD F. SHEA
United States District Judge

Q:\Civil\2011\0260.dismiss.amend.lc1.wpd

ORDER ~ 5